**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3892-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RONALD J. TAYLOR,

     Defendant-Appellant.

_____

Submitted February 1, 2021 – Decided February 19, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-09-0997.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a February 22, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons expressed in the thorough written decision issued by Judge Mark P. Tarantino.

Defendant was charged with first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1) (count one); third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2(a) (count two); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count four); fourth-degree obstruction, N.J.S.A. 2C:29-1(a) (count five); and third-degree hindering, N.J.S.A. 2C:29-3(b)(1) (count six). He pleaded guilty to count one as amended to second-degree assault. Two weeks after his guilty plea, defendant was sentenced as a third-degree offender to a three-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. All remaining counts were dismissed.

Defendant did not file a direct appeal. Two months after sentencing, defendant filed a pro se PCR petition. He was assigned counsel, and counsel filed an amended petition and supporting brief. In his PCR petition, defendant argued he was interrogated by detectives despite repeated statements he wished

to consult with an attorney. Based on the detectives' interrogation absent the presence of counsel, defendant claimed his trial counsel should have filed a motion to suppress, and the failure to do so constituted ineffective assistance of counsel. Defendant also asserted his trial counsel failed to properly advocate on his behalf at the sentencing hearing.

Judge Tarantino heard the arguments of counsel on the PCR petition. In denying the PCR petition, the judge concluded defendant failed to satisfy either prong of the Strickland/Fritz[1] test to establish ineffective assistance of counsel. The judge determined nothing defendant claimed should have been done by his trial counsel would have resulted in a lesser sentence, and defendant received the exact sentence as negotiated, "which was extremely favorable to him."

In his Strickland/Fritz analysis, the judge also rejected defendant's contention his trial counsel failed to present certain mitigating factors during sentencing. Defendant claimed trial counsel should have raised mitigating factors three, four, eight, and eleven.

---

[1] Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

A-3892-18

Regarding mitigating factor three, defendant acted under a strong provocation, this factor was inapplicable based on the victim's statement that defendant started the fight and possessed the knife the entire time.

Judge Tarantino rejected mitigating factor four, defendant's drug dependency and alcohol abuse, in excusing defendant's actions. He noted substance abuse issues may be used to explain why defendant acted a certain way but could not "be used to justify or excuse a defendant's actions." Thus, the judge found the assertion of mitigating factor four by trial counsel "would not have made a difference at sentencing."

Regarding mitigating factor eight, defendant's conduct is unlikely to recur, there was no evidence to support application of this factor. Defendant failed to demonstrate he would never become angry enough to assault someone in the future.

Nor was mitigating factor eleven, imprisonment causing a hardship to defendant's children, applicable. Defendant's children were not in his custody at the time of the crime or sentencing. Therefore, defendant failed to demonstrate any harm would be suffered by the children if he was incarcerated.

Even if these mitigating factors had been presented by trial counsel, Judge Tarantino held the outcome would not have been different "because there [were]

A-3892-18

not enough mitigating factors in this case to outweigh the aggravating factors." In addition, the judge noted defense counsel negotiated an extremely favorable plea that included significantly less jail time and dismissal of all but one charge. Accordingly, the judge found defendant's trial counsel was not ineffective in failing to present these four mitigating factors at sentencing.

Regarding defendant's claim his trial counsel was ineffective in failing to file a suppression motion, Judge Tarantino found this argument was "without merit." He concluded defendant failed to demonstrate "the proceedings against him would have ended differently" if such a motion had been filed. Judge Tarantino also determined a suppression "motion would not have succeeded at trial" because, consistent with State v. Alston, 204 N.J. 614, 620-21 (2011), ambiguous statements by a subject regarding a lawyer do not require the police to cease an interrogation. The judge found defendant continued to "re-initiate conversation with the officer about the events" despite the officer's repeated statements that she had to review the Miranda[2] rights and determine if defendant wanted to waive his rights or if he wanted an attorney before she could speak with him. Based on these facts in the record, the judge held "a motion to

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3892-18

suppress would not have succeeded, and therefore [defendant] was not prejudiced."

On appeal, defendant raises the following argument:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ARGUE ADEQUATELY AT SENTENCING AND FOR FAILING TO FILE A PRETRIAL SUPPRESSION MOTION.

Having reviewed the record, we affirm for the reasons expressed by Judge Tarantino. We add the following comment.

During a police interrogation, if a person makes "a request, 'however ambiguous,' to terminate questioning or to have counsel present[, it] must be diligently honored." State v. Hartley, 103 N.J. 252, 263 (1986) (quoting State v. Kennedy, 97 N.J. 278, 288 (1984)). If the police are unsure if a suspect invoked his or her right to counsel, the police must either "(1) terminate the interrogation or (2) ask only those questions necessary to clarify whether the defendant intended to invoke his [or her] right to silence." State v. S.S., 229 N.J. 360, 383 (2017) (citing, State v. Johnson, 120 N.J. 263, 283-84 (1990)).

In determining whether the right to counsel was invoked, a court must analyze "the totality of the circumstances, including consideration of the

suspect's words and conduct." State v. Maltese, 222 N.J. 525, 545 (2015) (citing State v. Diaz-Bridges, 208 N.J. 544, 568-69 (2012)). "The . . . statement [must be] evaluated in the full context in which [it was] made . . . ." Ibid. (citing State v. Martini, 131 N.J. 176, 231-33 (1993)).

Applying these principles here, we discern no error in Judge Tarantino's determination that a motion to suppress would not have succeeded. Defendant's statements regarding his wish to speak to a lawyer and also speak to the detectives were ambiguous, and the officers' continued discussions with defendant simply sought to clarify defendant's words. Once "the accused himself initiates further communication, exchanges, or conversations with the police," an accused has waived the right to counsel and an interrogation may continue. Edwards v. Arizona, 451 U.S. 477, 484-85 (1981).

Defendant's claim he unambiguously requested an attorney, compelling the cessation of the interrogation, is belied by the transcript of his statement to the police. Defendant clearly equivocated in his desire to speak with an attorney and his need to speak with the detectives about the events. Defendant vacillated several times, stating he wished to speak with an attorney while at the same time expressing his desire to speak with the detectives. Each time, the detectives explained defendant had the right to speak with an attorney but could waive that

7

right.  Based on defendant's conflicting statements, the detectives re-read the Miranda card to defendant.  Defendant repeated he wanted an attorney but then continued to engage in discussions with the detectives.  Eventually, defendant confirmed he wished to speak to the detectives without the presence of an attorney and voluntarily waived his Miranda rights.  Thereafter, defendant never invoked his right to remain silent or requested an attorney.

Under the totality of the circumstances, we are satisfied defendant voluntarily engaged in substantive discussions with the detectives regarding the incident.  The detectives' questions were part of their effort to clarify defendant's ambiguous and confusing responses about speaking to an attorney and continuing to talk about the events with the detectives.  Under these circumstances, Judge Tarantino properly ruled defendant's statements were admissible.

Because we agree with Judge Tarantino that defendant failed to satisfy either prong of the Strickland/Fritz analysis, there was no requirement he conduct an evidentiary hearing.  State v. Preciose, 129 N.J. 451, 462 (1992).

The remainder of defendant's arguments are without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-3892-18